UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEYERHAEUSER COMPANY, INC.,

    Plaintiff,

  v.

ACCURATE RECYCLING CORP.,

    Defendant.

No. C06-922P

ORDER ON PLAINTIFF'S MOTION TO COMPEL MEDIATION

This matter comes before the Court on a motion by Plaintiff Weyerhaeuser Company, Inc. to compel mediation pursuant to an agreement between the parties. (Dkt. No. 2). Although it appears that Defendant Accurate Recycling Corp. was served with this motion and the underlying complaint, Accurate has not responded to Weyerhaeuser's motion and has not appeared in this matter through counsel. Having reviewed the materials submitted by Plaintiff in support of its motion, the Court finds and ORDERS as follows:

(1)    Weyerhaeuser filed this complaint on June 29, 2006. It appears that Accurate was served with the complaint and this motion no later than July 6, 2006. Among other things, Weyerhaeuser's complaint alleges that Accurate failed to meet the quality specifications and grade requirements under a Recyclable Materials Supply Agreement (the "Agreement") between the parties and that Accurate breached the Agreement by failing to participate in mediation to resolve disputes. The complaint seeks a declaratory judgment clarifying the rights of the parties and Weyerhaeuser's right to mediate, an award of damages, and attorneys' fees.

ORDER - 1

Section 16 of the Agreement contains the following dispute resolution provision:

> If disputes arise under this Agreement, the parties will discuss the situation and attempt to reach a mutually satisfactory solution.  If they are unable to agree, either party may request non-binding mediation before an impartial, mutually acceptable professional mediator, each party paying half the cost thereof and the mediator choosing the mediation venue.  Only if the parties are unable to reach a settlement through this mediation process may suit be filed.  Any suit by either party may only be filed in the state or federal courts in King County, Washington, to whose personal jurisdiction over them the parties hereby consent in advance, and must be decided under the laws of the State of Washington.

(2)   On June 1, 2006, Accurate's president David Lasensky sent a letter to Scott Engstrom of Weyerhaeuser to document an earlier conversation regarding a demand for monetary damages.  Mr. Lasensky stated that he was making a "formal demand to Weyerhaeuser to pay $7.50 per ton restitution on approximately 1500 tons from the month of May as well as $17.50 per ton for the current month of June 2006."  Mr. Lasensky indicated that "[i]f this is not acceptable . . . please schedule a mediation hearing within two (2) weeks."

Through counsel, Weyerhaeuser responded to this letter June 13, 2006.  Weyerhaeuser refused Accurate's demand for damages, claimed that Accurate was in default of the Agreement, and asserted that "[t]he materials for which you now demand $7.50/ton were rightly rejected."  Weyerhaeuser requested mediation pursuant to Section 16 of the Agreement, offered dates for mediation within a two-week time frame, and suggested a mediator.

Through counsel, Accurate responded on June 15, 2006 and disputed that it was in default of the Agreement.  Accurate stated that "[w]e acknowledge your request for mediation but dispute your client's entitlement to that process at this time."  Accurate's letter did not explain its reasons for disputing entitlement to mediation.

(3)   On July 14, 2006, after the complaint and this motion were filed, Accurate's counsel Jeffrey Krinsk[1] sent a letter to Weyerhaeuser's counsel in which he indicated that "Accurate is amenable to mediation."  Since both sides are amenable to mediation, the Court is hard-pressed to

---

[1] Mr. Krinsk has not appeared in this matter on behalf of Defendant.

ORDER - 2

understand why it remains necessary to issue an order directing the parties to mediate. However, since this motion has not been withdrawn and the parties have not filed any stipulation to mediate, the Court GRANTS Plaintiff's motion. Consistent with Section 16 of the Agreement, the parties are hereby ORDERED to mediate the disputes raised in Accurate's demand letter of June 1, 2006 and in Weyerhaeuser's response letter of June 13, 2006. Absent a showing of good cause by either side, the mediation shall occur by <u>September 30, 2006</u>. This matter is STAYED pending mediation. Either party may move to lift the stay after mediation has been conducted.

(4) Weyerhaeuser has requested an award of attorneys' fees in connection with this motion. Weyerhaeuser seeks this award under Section 17(g) of the Agreement, which provides that "[i]f any legal action or proceeding is commenced by either party in connection with any alleged dispute, breach, default, or misrepresentation arising in connection with this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs incurred in connection with such action or proceeding . . . ." Because this order does not terminate this action, the Court will defer ruling on attorneys' fees under Section 17(g) until the close of this litigation. Weyerhaeuser may renew its request for fees at that time.

(5) The clerk is directed to send copies of this order to all counsel of record. Because Defendant has not yet entered an appearance in this matter, Weyerhaeuser is directed to send a copy of this order to Defendant.

Dated: August 2, 2006

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 3