UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEYERHAEUSER COMPANY, INC., | Case No. C06-922MJP |
| Plaintiff, | |
| v. | ORDER OF REMITTITUR REDUCING JURY AWARD OR, IN THE ALTERNATIVE, GRANTING LEAVE TO REQUEST A NEW TRIAL |
| ACCURATE RECYCLING CORP., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to alter or amend judgment as a matter of law. (Dkt. No. 109.) After reviewing the moving papers, Defendant's response (Dkt. No. 111), Plaintiff's reply (Dkt. No. 112), and all papers submitted in support thereof, the Court makes the following order: the Court reduces the Defendant's jury award by order of remittitur from $126,776.02 to $100,774.66, or, in the alternative, grants Defendant leave to request a new trial by jury on the issue of the Pathmark Contract. The Court's reasoning is set forth below.

**Background**

This action was tried by jury in December 2007 on two distinct issues. The jury was required to determine whether either party had breached two separate contracts, the Pathmark Contract and the Lansdowne Contract. The jury found that neither party had breached the Lansdowne Contract because that contract had been successfully rescinded. (Verdict Form, Dkt. No. 107.) The jury found that Weyerhaeuser had breached the Pathmark Contract and awarded Accurate $126,776.02 in damages.

At trial, Accurate offered Defense Exhibit 217 as a summary of its damages under the Pathmark contract. Under the heading "Total Pathmark Damages," the exhibit includes three

ORDER — 1

1   figures: (1) $74,773.30, representing damages from April 2006 to September 2006; (2)
2   $26,001.36, representing damages from November 2006 to June 2007; and (3) $100,774.66, the
3   sum of the first two figures representing the total Pathmark damages. (Trial Ex. 217.) The
4   amount awarded by the jury is $26,001.36 more than the total amount of damages Accurate
5   sought under the Pathmark Contract. Weyerhaeuser contends that the jury inadvertently added
6   the $26,001.36 figure twice when calculating the total Pathmark damages and asks the Court to
7   amend judgment as a matter of law.

## Discussion

9   A court may direct the entry of judgment as a matter of law when "the court finds that a
10  reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that
11  issue." Fed. R. Civ. P. 50. Alternatively, a court may alter or amend a judgment if it represents
12  "clear error." Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060; 1064 (9th Cir. 2005); Fed. R.
13  Civ. P. 59.
14  Accurate presented Defense Exhibit 217 to the jury through the testimony of Accurate's
15  president, David Lasensky. Mr. Lasensky testified that the total amount of losses under Pathmark
16  equaled $100,774.66. Defendant offered no other evidence on the issue of Pathmark damages.
17  Addressing the Pathmark losses in his closing argument, Accurate's attorney, David Shea stated,
18  "it cost [Mr. Lasensky] a hundred grand. It cost him a hundred thousand dollars, but he lost – he
19  lost Pathmark at the end of the day. ... You can't ask for those damages [resulting from the loss
20  of Pathmark as a customer]. You can just say give me a hundred grand, that's all we can do on
21  the Pathmark side." (Noncertified Transcript at 132.) Because the jury was not presented with
22  any evidence that the Pathmark losses exceeded $100,774.66, a fact confirmed by the statements
23  in Mr. Shea's closing argument, the jury had no legally sufficient evidentiary basis to find that the
24  Pathmark damages exceeded $100,774.66.
25  In presenting its case to the jury, Accurate sought compensatory damages intended to
26  restore it to the position it would have been in had the Pathmark contract been fully performed.

ORDER — 2

1  See Blanton v. Mobil Oil Corp., 721 F.2d 1207, 1217 (9th Cir. 1983).  "[A] contract plaintiff is
2  not entitled to receive damages in excess of what he or she would have received if the defendant
3  had fulfilled the breached contract."  Id.  The jury's award of $126,772.02 places Accurate in a
4  better position than it would have been in had Weyerhaeuser performed the Pathmark contract.
5  In finding that Weyerhaeuser breached the Pathmark contract, the jury was restricted to
6  calculating damages based on the terms of that contract as it had been amended in February 2006.
7  The jury had not authority to add interest or costs to its award.  It is clear that the jury arrived at
8  its damages figure by clerical error.
9          While a jury's award of damages should generally be upheld, the Ninth Circuit has
10 identified three exceptions:  (1) where the amount is grossly excessive or monstrous; (2) where
11 the evidence clearly does not support the damage award; and (3) where the award could only
12 have been based on speculation or guesswork.  Blanton, 721 F.2d 1207; First Alliance Mortgage
13 Co. v. Lehman Comm. Paper, Inc., 471 F.3d 977, 1001 (9th Cir. 2006).  The second exception
14 coincides with the standard for entry of judgment as a matter of law; both require a finding that
15 there is no legally sufficient evidentiary basis for the jury's decision.  See Fed. R. Civ. P. 50.  The
16 evidence in this case does not support the damage award of $126,772.02 for breach of the
17 Pathmark contract.  Further, the jury's award of $126,772.02 is "clear error" and sufficient to
18 amend the judgment under Fed. R. Civ. P. 59.  See Circuit City Stores, Inc. v. Mantor, 417 F.3d
19 1060; 1064 (9th Cir. 2005); Fed. R. Civ. P. 59.
20          The Ninth Circuit has indicated that, to remedy an excessive jury verdict, the Court may
21 order remittitur or new trial, at the option of the party awarded damages.  Morgan v. Woessner,
22 997 F.2d 1244, 1258 (9th Cir. 1993) (the option of a new trial is required by the Seventh
23 Amendment's guaranty of trial by jury).  In a case involving similar juror error, the Alaska
24 Supreme Court directed the superior court to order a remittitur or a new trial if the plaintiff chose
25 not to accept the remittitur.  The court found that "it is quite evident that the jury erroneously
26 added together the two figures testified to[.] ... [I]n a situation of this type, where it is clear that
27

ORDER — 3

the jury mistakenly added together two amounts of compensatory damages, one of which was inclusive of the other, it would be unreasonable to let the combined figure stand." <u>Alyeska Pipeline Service Co. v. Aurora Air Service, Inc.</u>, 604 P.2d 1090, 1098-1099 (Ala. 1979).

### Conclusion

This Court now remedies the jury's error in calculating Accurate's award by ordering a remittitur reducing the award by $26,001.36 or, in the alternative, by granting Accurate leave to request a new trial on the Pathmark contract. Accurate is directed to respond to this order within seven days informing the Court of its decision.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: February 4, 2008.

*[signature]*

Marsha J. Pechman
U.S. District Judge

ORDER — 4